UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WESTERN MICHIGAN

MYRON C. GLENN, # 188376,

                Plaintiff,

vs.                                 No. 1:19-cv-00803-JTN-SJB

TANYA LAMP,

                Defendants.

### DEFENDANT TANYA LAMP'S REPLY TO PLAINTIFF'S RESPONSE TO HER MOTION FOR SUMMARY JUDGMENT

COMES NOW Defendant Tanya Lamp, by and through counsel, and for her Reply to Plaintiff's Response to her Motion for Summary Judgment, states as follows:

### INTRODUCTION

Plaintiff has failed to carry his burden to oppose summary judgment. His overlong response does not conform with local rules. He has failed to exhaust his administrative remedies relating to his terminations from his kitchen position and has no excuse for his failure. Plaintiff's affidavit should be excluded in its entirety: it is full of inadmissible hearsay and was not produced in discovery. Plaintiff has produced no probative evidence countering Lamp's sworn statement that she would write a misconduct report for any inmate she believed was stealing, regardless of a previous grievance history. For the exhausted claims, Plaintiff's argument that the de minimis claims could have been worse have no legal effect. What matters is what happened, not what could have happened.

ARGUMENT

1) *Plaintiff's brief in opposition to summary judgment should be stricken, in whole or in part, for his failure to abide by local rules.*

Plaintiff's overlong brief in opposition to Defendant's Motion for Summary judgment is noncompliant with local rules and should be stricken, in whole or in part. Plaintiff filed his response on February 16, 2021. Plaintiffs' response consisted of a 58-page response, 46 pages of exhibits (ECF 30, collectively), a 20-page affidavit not previously provided in discovery (ECF 31), a 6-page statement of disputed factual issues (ECF 32), and a 4-page letter to the court (ECF 33). According to LR 7.2, (b)(i), handwritten briefs in opposition to summary judgment cannot exceed 25 pages. Plaintiff's brief is over twice that, not including the separate statement of facts. This is despite Plaintiff requesting a copy of the local rules from this Court. [ECF 28]. Plaintiff did not request leave to file pages in excess of the local rules. Defendant requests that this Court strike Plaintiffs' response in its entirety as nonconforming with applicable local rules.

2) *Plaintiff failed to prevent evidence showing that he exhausted his administrative remedies as it relates to his termination from his kitchen position and his excuses are legally unsound.*

As argued in Defendant's Motion for Summary Judgment, Plaintiff did not exhaust his administrative remedies as it relates to either of his terminations from his kitchen work position. [ECF 27, p. 14-16]. Defendant agrees, Plaintiff did exhaust his administrative remedies regarding the other two events he claims were retaliatory, but these de minimis events do not give rise to a Constitutional claim as

argued previously and below. *See* ECF 27, p. 8-11, generally that Plaintiff was sent home early for two days of work suffering loss of only a few hours of work each day at $0.235 per hour. "[E]xhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983." *Woodford v. Ngo*, 548 U.S. 81, 85, 126 S. Ct. 2378, 2382–83, 165 L. Ed. 2d 368 (2006), internal citations omitted. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without posing some orderly structure on the course of its proceedings." *Id.* at 90–91. Plaintiff's failure to show that he exhausted his administrative remedies regarding either termination is fatal to his claims.

Plaintiff admits that he did not file a grievance relating to the 8/19/2016 incident but claims this is allowable because he was "overwhelmed with health issues." [ECF 31, p. 10, ¶ 24]. This excuse is insufficient at law and carries no persuasive weight. Plaintiff clearly had the ability to reach out and write about his concerns, he wrote the classification department, the department that actually makes hiring and firing decision, on August 24, 2016. [ECF 27, Ex. 1]. He claims that this is the "written complaint" that exhausted his remedies. [ECF 27, p. 36]. The MDOC promulgated a three-step grievance process and requires it be used to exhaust one's administrative remedies. [ECF 27, p. 15-16]. Plaintiff's Response gives no indication as to why he could not grieve this issue through the MDOC's three-step system if he was able to write the classification department on the same issue. Plaintiff has cited no law showing that he can pick and choose when to use

the facility's grievance system to exhaust his administrative remedies. This is because he cannot do so, he must use the system put in place by the MDOC, and Plaintiff did not exhaust his administrative remedies relating to this termination.

Plaintiff claims he exhausted his administrative remedies regarding the "false misconduct by appealing the misconduct and claiming retaliation as a defense at the hearing and subsequent appeals." [ECF 31, p. 16, ¶ 37, ECF 30, p. 25]. Plaintiff, too, claimed that it was inappropriate to file grievances related to the findings of misconduct proceedings. [ECF 31, p. 17] and continued to argue that the hearing itself lacked due process [ECF 30, p. 11]. However, Plaintiff's Eighth Amendment and Due Process claims were dismissed at the outset of this case, leaving only the retaliation claim. [ECF 5, p. 5-9] and what Plaintiff did relating to the hearing on his misconduct is irrelevant. Plaintiff has been steadfast: his complaint is not the guilty finding that resulted, but that Lamp allegedly wrote a false misconduct report, which caused the classification director to terminate his kitchen position. Plaintiff has never filed a grievance on this issue and has thereby failed to exhaust his administrative remedies relating to it.

3) *Plaintiff's affidavit, as relevant to this lawsuit, is nearly entirely inadmissible hearsay and those portions should be disregarded. Additionally, Plaintiff failed to produce it in discovery.*

In addition to his response, Plaintiff filed an affidavit alleging additional facts [ECF 31], but the relevant facts pleaded therein are inadmissible hearsay and was not disclosed in response to appropriate discovery requests. Plaintiff's affidavit should be disregarded and stricken.

Plaintiff attests to unsupported facts well outside what he can testify to, such as "That all times relevant to this case Def. Lamp had the authority to influence and choose inmates for promotions in foodservice and that director Torrey would sign off on those chooses," [ECF 31, p. 5, ¶ 8], attempts to make credibility determinations of non-parties that Plaintiff chose not to depose [ECF 31, p. 8, ¶ 19], and other numerous statements that Plaintiff lacks the factual foundation to testify upon. Plaintiff could have and chose not to depose Food Service Director Torrey or any other Defendant on whose behalf Plaintiff claims to speak. Plaintiff took no depositions and conducted no discovery. Inadmissible hearsay cannot be considered by the Court when deciding on a summary judgment motion. *Tranter v. Orick*, 460 F. App'x 513, 514 (6th Cir. 2012). All portions of Plaintiff's affidavit which are inadmissible hearsay should be disregarded by this Court.

Additionally, Plaintiff responded to discovery requests served by Defendant and produced documents meant to support his claims. See Plaintiff's Discovery Responses, attached hereto as <u>Exhibit A</u>, and incorporated herein by this reference. The affidavit filed with Plaintiff's response was generated after the close of discovery and never produced until this response. [ECF 31]. Defendant has been prejudiced by Plaintiff's use of evidence not produced in discovery. Evidence not properly produced in discovery is appropriately excluded. See *Peake v. Nat'l City Bank of Michigan*, No. 05-72520, 2007 WL 951420, at *4 (E.D. Mich. Mar. 27, 2007). Plaintiff's affidavit should be fully disregarded by this Court as full of hearsay and not produced in discovery.

4) *Plaintiff failed to meaningfully controvert Lamp's statements that when she issued the misconduct report, she reasonably believed Plaintiff stole food.*

Plaintiff counters the claim that Lamp would have taken the same action, issuing a misconduct report for Plaintiff's alleged theft of food, regardless of Plaintiff's grievance history by alleging unsupported facts and bringing up a dismissed due process argument. Plaintiff provides circumstantial evidence regarding Lamp's state of mind, despite never choosing to issue discovery or request her deposition, arguing "the grievances alone reflect that the Def. was angry about Plaintiff's Complaints and grievances." [ECF 30, p. 31]. There is no evidence to support this completely unsupported statement drawn from circumstantial evidence and Plaintiff's failure to conduct any discovery in prosecuting his case.

Beyond this, Plaintiff argues only that the misconduct hearing was flawed, because the facility chose not to review camera footage or interview witnesses that Plaintiff claimed would help him. *Id.* at 32-35. Plaintiff's Eighth Amendment and Due Process claims were dismissed at the outset of this case. [ECF 5, p. 5-9]. Whether or not the hearing on Plaintiff's misconduct was appropriate is irrelevant to this case. Plaintiff conducted no discovery contradict the affidavit of Lamp, which clearly states that she would have taken the same action whether or not Plaintiff had previously filed grievances, and that she believed at the time she wrote the misconduct that he had stolen food. [ECF 27, p. 12-13]. Plaintiff has produced no evidence to counter these facts. Lamp is entitled to summary judgment relating to misconduct.

> 5) *Plaintiff fails to meaningfully controvert the fact that two of the four allegedly retaliatory events resulted in de minimis harm.*

Two of the four allegedly retaliatory adverse events are small as to be de minimis at law, and Plaintiff's claims about how much worse they "could have" been have no legal relevance. "[S]ome adverse actions are so de minimis that they do not rise to the level of a constitutionally cognizable injury." *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018), reh'g denied (Apr. 19, 2018). Inconsequential actions should not go to the jury and should be dealt with at the summary judgment phase. *Id*.

Plaintiff argues that losing a half day of work for "constantly over-scooping" on October 10, 2016, *could* have resulted in a theft misconduct and *could* have resulted in termination, turning this into a non de minimis act. [ECF 30, p. 20-21]. He goes on to claim that it was foreseeable that he *could* have been charged with a false misconduct. *Id.* at 22. None of this, however, happened. The law in this context does not worry about what could have occurred, it worries about what has occurred. The adverse action that actually occurred was losing half a day of pay and returning to work later that same day. [ECF 27, p. 9]. Plaintiff does not contravene this fact. Plaintiff's argument that "it *could* have been much worse and certainly *that* would have made a person of ordinary firmness restrict their exercise of their First Amendment rights," is not supposed by any law, because no such law exists.

The same logic applies to the December 6, 2016. Plaintiff seems to confuse a de minimis grievance, which Lamp is not arguing, with a de minimis adverse event, which is what Plaintiff suffered when he was sent home from a partial day of work

for being out of place. [ECF 27, p. 10]. Plaintiff's use of law relating to de minimis grievances is inapplicable and unhelpful. [ECF30, p. 25-26]. Plaintiff attempts to again argue that he could have been given a misconduct for being out of place, which would have resulted in a sufficiently adverse event to qualify as non-de minimis, but as Plaintiff knows well, that did not occur. Id. The only harm Plaintiff suffered as a result of this supposed adverse action was loss of a partial days pay. Case law is clear, an adverse action this de minimis cannot form the basis of a Constitutional claim.

## CONCLUSION

Plaintiff fails to meet his burden to oppose summary judgment. It is clear that he has no excuse for his failure to exhaust his remedies regarding the two terminations from his kitchen position. Plaintiff's affidavit submitted with his opposition is full of inadmissible hearsay, was not produced in discovery, and should disregarded. Plaintiff has no evidence, save for irrelevant facts relating to a dismissed due process claim, that Lamp would have done anything but write a misconduct report when she observed theft by Plaintiff, regardless of Plaintiff's grievance history. Plaintiff's argument that the de minimis adverse events that took place could have been worse is meaningless.

WHEREFORE, Defendant Lamp prays that this Court enter judgment in her favor and in accordance and for such other and further relief as this Court deems just and proper.

        Respectfully submitted,

Date: March 2, 2021

*/s/ Alexander B. Chosid*
Alexander B. Chosid (MO Bar #64780)
TKC Holdings, Inc.
1260 Andes Boulevard
St. Louis, MO 63132
Tel: (314) 216-2218
Fax: (314) 213-1190
Alex.Chosid@TKCHoldings.com

*Attorney for Defendant Lamp*

# CERTIFICATE OF SERVICE

I, Alexander B. Chosid, hereby certify that on this **2nd day of March, 2021,** a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance to date.

I also certify that a true and accurate copy of the foregoing was served via Federal Express, postage prepaid, upon the following:

Myron Glenn #188376
Carson City Correctional Facility
10274 Boyer Rd.
Carson City, MI 48811
Plaintiff- *pro se*

*/s/ Alexander B. Chosid*
Alexander B. Chosid
(MO Bar #64780)