UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MYRON GLENN,

    Plaintiff,

v.

TANYA LAMP,

    Defendant.

_____/

Case No. 1:19-cv-803

HON. JANET T. NEFF

**MEMORANDUM OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant filed a motion for summary judgment, seeking summary judgment based on both lack of exhaustion and the merits of Plaintiff's remaining retaliation claim. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant in part and deny in part Defendant's motion. The matter is presently before the Court on Defendant's objection to the Report and Recommendation. For the following reasons, the Court denies the objection.

    In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court is required to give de novo consideration of those portions of a report and recommendation to which an objection is made. An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b).

Defendant's objection concerns the Magistrate Judge's exhaustion analysis. Specifically, Defendant asserts that while the Magistrate Judge "correctly found that Plaintiff could have exhausted his administrative remedies by claiming at the misconduct hearing that the misconduct was retaliatory," the Magistrate Judge's analysis was "incomplete" (Def. Obj., ECF No. 41 at PageID.541-542). According to Defendant, the Magistrate Judge should have determined that "despite Plaintiff's failure to fully grieve this issue in the grievance process, his failure to raise it here should be fatal to his claims" (*id.* at PageID.542). However, Defendant concedes that she "did not raise this issue in [her] brief" to the Magistrate Judge (*id.*). Defendant opines that "justice would be served" if this Court nonetheless reached the new issue she presents (*id.*).

Defendant's argument, raised for the first time to this Court, necessarily fails to demonstrate any factual or legal error by the Magistrate Judge in resolving Defendant's motion. Further, the Court is disinclined to review the merits of Defendant's new argument, which could have easily been raised in her principal motion brief or her reply brief. "[W]hile the Magistrate Judge Act, 28 U.S.C. § 631 et seq., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "The Magistrate Act was not intended 'to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.'" *Jones-Bey v. Caruso*, No. 1:07-cv-392, 2009 WL 3644801, at *1-2 (W.D. Mich. Oct. 30, 2009) (citation omitted) (relying on Sixth Circuit authorities and "the seemingly uniform practice of federal courts nationwide" to decline to consider a new argument). Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 41) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 40) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 20) is GRANTED IN PART and DENIED IN PART for the reasons stated in the Report and Recommendation.

Dated:  August 2, 2021                                                  /s/ Janet T. Neff
                                                                        JANET T. NEFF
                                                                        United States District Judge